IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARREYLL T. THOMAS,

                                                              OPINION AND ORDER

                Plaintiff,

                                                                  20-cv-1080-bbc

     v.

NICOLE DOE, JEFF DOE AND
DANE COUNTY JAIL,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Darreyll T. Thomas has filed a civil action under 42 U.S.C. § 1983, alleging that staff at Dane County jail violated his constitutional rights by instructing him to take Lithium for his bipolar disorder despite his reporting side effects. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

      Plaintiff may not proceed with any claims at this time because his complaint does not provide sufficient information for this court to determine whether his allegations state a claim against any defendant. Although I am dismissing the complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claims more clearly.

OPINION

      Plaintiff alleges that while he was incarcerated at Dane County jail, he told defendant

1

Nurse Practitioner Nicole (Doe) that he took Lithium for his biopolar disorder but that he had suffered complications from it, including blood toxicity. Nicole told plaintiff that he should continue taking it, that he would not suffer toxic blood levels or serious complications at the dosage it was prescribed and that he should report any abnormalities. A few days later, plaintiff began to experience stomach and kidney pain, nausea and vomiting. He reported his symptoms, but defendant Jeff (Doe) told plaintiff to continue taking the medication and that the medication would work its way through his system. (Plaintiff does not say whether Jeff was also a medical provider at the jail.) Plaintiff continued to experience adverse symptoms, and his Lithium dosage was reduced. Plaintiff still continued to suffer side effects, so he stopped taking the medication.

Plaintiff contends that defendants Nicole and Jeff violated his constitutional rights by directing him to take his Lithium despite his reporting side effects. I will assume for purposes of screening that plaintiff was being held as a pretrial detainee during the relevant time period. As a pretrial detainee, plaintiff was protected by the due process clause of the Fourteenth Amendment. A jail official violates the Fourteenth Amendment if the official's actions are "objectively unreasonable." Miranda v. County of Lake, 900 F.3d 335, 350-53 (7th Cir. 2018). To state a claim that jail staff violated his Fourteenth Amendment rights to adequate medical care, plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) jail staff's response to it was objectively unreasonable. Id. at 352-53.

Plaintiff's allegations are too vague to state a Fourteenth Amendment violation

2

against either defendant. His allegations suggest that defendants thought it was appropriate for plaintiff to continue taking Lithium for his bipolar disorder despite the side effects that plaintiff had reported. These allegations alone do not suggest that defendants' actions were objectively unreasonable. Defendants presumably thought that the benefits of the Lithium outweighed any possible side effects, but when plaintiff continued to report side effects, his dosage was reduced.

Plaintiff does not explain what he thinks defendants should have done differently. It is unlikely that any medical provider would direct a patient to immediately discontinue a psychiatric medication upon a report of side effects. It may be that plaintiff thinks defendants should have provided relief for his side effects, or that defendants should have prescribed an alternative medication. However, plaintiff does not include enough information in his complaint about defendants' treatment decisions for the court to determine whether defendants might have acted unreasonably.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. The complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Plaintiff's complaint does not include enough information to meet this standard.

I will dismiss plaintiff's complaint without prejudice and give plaintiff the opportunity

to file an amended complaint to better explain his claims against defendants. In drafting his amended complaint, plaintiff should be sure to state clearly what happened, when it happened and what each individual defendant did, or did not do, that plaintiff believes violated his constitutional rights. Plaintiff also should make sure that he alleges facts to answer the following questions:

1. What treatment had plaintiff received for his bipolar disorder before he was incarcerated at Dane County jail?

2. Was plaintiff taking Lithium when he was arrested and brought to Dane County jail? If yes, for how long had plaintiff been taking Lithium?

3. Who was responsible for plaintiff's medical care at Dane County jail?

4. What medical care did plaintiff receive for his bipolar disorder at the jail?'

5. Did plaintiff receive treatment for the side effects he experienced at the jail?

6. What medical care does plaintiff think he should have received for his bipolar disorder and side effects while he was incarcerated at the jail?

7. Why does plaintiff think that defendants' treatment decisions were objectively unreasonable?

Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements. Plaintiff should explain what happened in the complaint itself and not refer to facts contained in documents attached to the complaint. After he finishes drafting a complaint, he should further review it and

consider whether it could be understood by someone who is not familiar with the facts of his case. If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915A.

Finally, I note that plaintiff filed a motion to add additional claims to his lawsuit. Dkt. #7. He states that he has been denied access to multiple "inmate request numbers." Plaintiff does not explain what inmate request numbers are or how his requests have any relationship to his claims about treatment of his bipolar disorder. Therefore, his motion will be denied.

ORDER

IT IS ORDERED that

1. Plaintiff Darreyll T. Thomas's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may have until April 7, 2021 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by April 7, 2021, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

2. Plaintiff's motion to amend his complaint, dkt. #7, is DENIED.

Entered this 17th day of March, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge