IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARREYLL T. THOMAS,

                                                                      OPINION AND ORDER

                Plaintiff,

                                                                        20-cv-1080-bbc

     v.

NICOLE DOE, JEFF DOE AND
DANE COUNTY JAIL,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Darreyll T. Thomas has filed a civil action under 42 U.S.C. § 1983, alleging that staff at the Dane County jail violated his constitutional rights by instructing him to take Lithium for his bipolar disorder despite his report of side effects. On March 17, 2021, I dismissed his complaint because it violated Rule 8 of the Federal Rules of Civil Procedure. His complaint did not provide sufficient information for this court to determine whether his allegations stated a claim against any defendant. However, I gave plaintiff the opportunity to file an amended complaint that explained his claims more clearly.

Now plaintiff has filed an amended complaint that is before the court for screening under 28 U.S.C. § 1915A. Dkt. #9. Plaintiff's amended complaint is substantially similar to his original complaint. Plaintiff repeats his allegations that while he was incarcerated at Dane County jail, he told defendant Nurse Practitioner Nicole (Doe) that he had taken Lithium for his bipolar disorder but that he had suffered complications from it, including blood toxicity. Nicole told plaintiff that he should continue taking Lithium anyway, that

he would not suffer toxic blood levels or serious complications at the dosage she was prescribing and that he should report any abnormalities. About 10 days later, plaintiff began to experience stomach and kidney pain, nausea and vomiting. He reported his symptoms to defendant Jeff (Doe), a psychiatric nurse, who told plaintiff to continue taking the medication and that the medication would work its way through his system. Five days later, plaintiff reported that he was still suffering adverse symptoms. His Lithium dosage was reduced from 300 mg to 150 mg, and he was instructed to continue taking the medication. Plaintiff still continued to suffer side effects, so he stopped taking the medication. He started taking the medication Abilify for his condition instead.

      Plaintiff contends that defendant Nicole violated his constitutional rights by directing him to take Lithium despite his reporting that he had suffered adverse side effects from it in the past. He contends that defendant Jeff violated his rights by instructing him to continue taking the Lithium despite him suffering nausea, vomiting and pain at the jail. As stated in the previous order, I will assume for purposes of screening that plaintiff was being held as a pretrial detainee during the relevant time period. As a pretrial detainee, plaintiff was protected by the due process clause of the Fourteenth Amendment. A jail official violates the Fourteenth Amendment if the official's actions are "objectively unreasonable." Miranda v. County of Lake, 900 F.3d 335, 350-53 (7th Cir. 2018). To state a claim that jail staff violated his Fourteenth Amendment rights to adequate medical care, plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) jail staff's response to it was objectively unreasonable. Id. at 352-53.

2

The allegations in plaintiff's amended complaint are insufficient to state a Fourteenth Amendment violation against either defendant for the reasons I explained in the previous order. In particular, plaintiff's allegations suggest that defendants thought it was appropriate for plaintiff to try Lithium for his bipolar disorder despite the side effects that plaintiff reported suffering previously. Plaintiff alleges that defendant Nicole did not think plaintiff would experience severe side effects from the low dosage that she had prescribed. Plaintiff also alleges that defendant Jeff relied on Nicole's instructions when telling plaintiff to continue taking the medication while his body got used to the medication. These allegations do not suggest that defendants' actions were objectively unreasonable. Defendants presumably thought that the benefits of the Lithium outweighed possible side effects. However, when plaintiff continued to report side effects after a couple of weeks, his dosage was reduced. When the side effects continued, the medication was discontinued and plaintiff was prescribed a different medication.

Plaintiff argues that defendants should have prescribed him a different medication at the outset. However, plaintiff's argument suggests only that he disagreed with defendants' treatment decision. His argument does not suggest that defendants knew that there was a substantial risk of serious harm to plaintiff or that defendants' treatment decision was objectively unreasonable. Accordingly, plaintiff's amended complaint does not contain allegations sufficient to state a claim against defendants.

ORDER

IT IS ORDERED that

1. Plaintiff Darreyll T. Thomas's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The court will record a strike under 28 U.S.C. § 1915(g).

2. The clerk of court is directed to enter judgment and close this case.

Entered this 5th day of May, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge